(70 App. Div. 267.)

AMERICAN CASUALTY INS. CO. OF ONEONTA v. GREEN.

(Supreme Court, Appellate Division, Third Department. March 5, 1902.)

1. PRINCIPAL AND SURETY—DISCHARGE OF SURETY—CHANGE OF OBLIGATION—ALTERATION OF INSTRUMENT.

Plaintiff, a sick benefit insurance company, made a written agreement with an agent whereby he was to pay all expenses and insurance claims for his district, and 10 per cent. on gross premiums, to plaintiff, which agreement was not to go into effect until the agent furnished a bond, and defendant signed the bond as surety, with knowledge of the written agreement. When the bond was delivered, plaintiff and the agent, without the knowledge of defendant, entered into a new agreement whereby the agent was to deduct weekly living expenses from his receipts, and to remit the balance thereof, except subagents' commissions, to plaintiff, who was to pay all insurance claims and doctor's bills and rent from its home office. *Held*, that the new agreement was such an alteration of the written agreement as would release defendant from his obligation as surety.

**2. SAME—REVIVAL OF OBLIGATION.**

Plaintiff and the agent having operated under the new agreement until the agent had become indebted to plaintiff, the abandonment of the new agreement, and continuation of the business according to the terms of the original agreement, could not renew defendant's obligation.

Appeal from judgment on report of referee.

Action by the American Casualty Insurance Company of Oneonta, N. Y., against George E. Green. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

The following is the opinion of W. M. Hand, referee:

To the Supreme Court of the State of New York: In pursuance of the provisions of section 1022 of the Code of Civil Procedure, the undersigned, duly appointed referee to hear and determine the issues in the above-entitled action, having first taken the oath required by law, which is hereto annexed, and having been attended by the parties and their counsel, makes and files the following decision:

This action is brought to recover of the defendant the sum of $200, upon a certain bond executed by the defendant as surety for one Charles E. Frazier, and hereafter fully referred to. The plaintiff is a domestic corporation having its principal office at Oneonta, N. Y., and for several years has been engaged in issuing policies of insurance of the character of sick benefits on payment of small weekly or monthly premiums. Prior to June, 1898, one Charles E. Frazier had been the agent at Binghamton, N. Y., for the American Sick Benefit & Accident Association of New York in a similar character of insurance to that transacted by the plaintiff. The former company having been prohibited by the insurance department from transacting business in this state, Frazier, who had a large list of policy holders in that company, made arrangements with plaintiff by which he was to transfer that business to plaintiff, take charge of plaintiff's business in Binghamton and vicinity, solicit insurance, collect premiums, and transmit the same (less commissions of subagents) to plaintiff, in consideration of which Frazier was to receive a salary of $15 per week, and plaintiff was to pay all expenses of the business. Frazier entered upon his work under this arrangement about June 20, 1898, and continued to act under the same until early in September of the same year, during which period the net loss to plaintiff through Frazier's agency was $69.62. On or about August 16, 1898, plaintiff and Frazier entered into a new agreement, in writing, by which Frazier was to act as plaintiff's agent, and agreed to pay all expenses and claims of the Binghamton district, and in addition pay to plaintiff 10 per cent. of the gross premiums collected in said district on account of policies issued by plaintiff. The said contract further provided that it should not go into effect or force, nor be binding upon either party, until Frazier furnished plaintiff a bond for $200, with an acceptable surety. For the purpose of fulfilling the requirements of the contract with reference to a bond, Charles E. Frazier as principal, and the defendant as surety, on or about September 2, 1898, executed a bond to plaintiff in the sum of $200, conditioned that, if said Charles E. Frazier, should well and truly perform and carry out the agreement referred to (that of August 16, 1898), then the obligation to be void and of no effect; otherwise to remain in full force and virtue. Before executing the bond, defendant had knowledge of the terms of the written agreement thereby guarantied. After execution the bond was delivered to Frazier, who, on or about September 7, 1898, took the same to Oneonta, and delivered the same to plaintiff. On the same day, and while at Oneonta, it was agreed between Frazier and M. G. Keenan, secretary of plaintiff, the same person who executed the agreement on behalf of plaintiff, and with whom Frazier had had the preliminary negotiations, whereby Frazier was to deduct $10 weekly from the receipts as a living fund, and the plaintiff was to pay from the home office sick claims, doctor's bills, and rent, and Frazier was to remit to plaintiff all collections, less commissions due to subagents, and the $10 weekly agreed to be retained by Frazier for living purposes. Under this latter arrangement the business of plaintiff was conducted by

Frazier from that date up to January 9, 1899, and all remittances made by Frazier to plaintiff were applied by plaintiff upon the advances made by plaintiff for sick claims, doctor's bills, rent, and the $10 allowed to be retained weekly for living purposes.

It will be observed that under this arrangement the business between plaintiff and Frazier was conducted in a manner very materially different from that contemplated by the original contract; in fact, the written agreement was not observed in any particular. It was the performance of the written contract of August 16, 1898, and not the new agreement of September 7th, which this defendant guarantied to the amount specified in his bond, and to recover upon which this action is brought. Neither Frazier nor plaintiff had the power to change the contract without defendant's consent (and it is conceded that the above-stated changes were made without the knowledge or consent of defendant), and still preserve the liability of defendant on his bond. It will be further observed that the giving of this bond was, by the terms of the agreement between Frazier and plaintiff, a condition precedent to the contract becoming of force; and, on the very occasion of the delivery of the bond, the new agreement was made so that the agreement guarantied by defendant did not, in fact, become operative, which, in my opinion, entirely absolved defendant from liability on his bond. By the original agreement Frazier was bound to pay sick claims, doctor's bills, rent, and find his living expenses from the surplus remaining after remitting to plaintiff 10 per cent. of the gross weekly collections. By the new agreement all of these payments were voluntarily assumed and agreed to be paid by plaintiff, and Frazier thus became the debtor from week to week in a manner not in the contemplation of the parties at the time the original contract was made, and the bond in suit executed by defendant, and in an amount many times in excess of the 10 per cent., which only was to be remitted to plaintiff under the original contract. In my opinion, this was such a change in the agreement of August 16, 1898, between plaintiff and Frazier, as to absolutely release defendant from liability as surety on the bond given in pursuance of that agreement. It is not for the court to inquire as to the effect of the changed agreement on the surety or whether or not it operated to his injury. The guaranty is of a certain specified agreement, and not of one in any particular different, and, if changed by the parties without the assent of the surety, the surety is thereby absolutely released from liability. Ludlow v. Simond, 2 Caines, Cas. 1, 2 Am. Dec. 291; Walsh v. Bailie, 10 Johns. 180; Grant v. Smith, 46 N. Y. 93; Paine v. Jones, 76 N. Y. 274; Association v. Conkling, 90 N. Y. 116, 43 Am. Rep. 146; Insurance Co. v. Lowenberg, 120 N. Y. 44, 23 N. E. 978; Page v. Krekey, 137 N. Y. 307, 33 N. E. 311, 21 L. R. A. 409, 33 Am. St. Rep. 731; Livingston v. Moore, 15 App. Div. 15, 44 N. Y. Supp. 125.

From January 9, 1899, to about March 1, 1899, the business between plaintiff and Frazier was conducted practically in accordance with the terms of the contract of August 16, 1898, but Frazier in the meantime, i. e., from September 7, 1898, to January 9, 1899, had incurred indebtedness to the company under the manner of doing business during that period of more than $160 above all remittances, so that the financial situation, as between Frazier and plaintiff, when they assumed to begin doing business according to the original contract, was quite different from that existing at the time defendant executed the bond,—a difference directly resulting from the new agreement under which the business had been transacted, because the amount he had fallen behind during that period was less than the $10 per week the plaintiff allowed him to retain for living expenses. Again, and about March 1, 1899, a further bond was exacted of Frazier by plaintiff, to which B. W. Terry became surety, and it was then agreed that Frazier should be released from paying 10 per cent. to plaintiff on such business as subagents received 100 per cent. commission for. Under such circumstances, I am of the opinion that, the defendant having been released from liability by the new arrangement of September 7, 1898, his liability was not renewed on January 9, 1899, when the agreement of September 7th was abandoned. The indebtedness of Frazier to plaintiff at the time of the commencement of this action, arising between September 7, 1898, and September, 1899 (when his agency terminated), exceeded $200. For the foregoing reasons, based

upon the facts above stated, which are established by the evidence, I believe that the plaintiff has, by its own acts, as a matter of law, released defendant from liability on the bond in suit, and that the plaintiff has no cause of action against defendant, and its complaint herein should be dismissed on the merits, with costs.

Judgment is directed in favor of defendant dismissing plaintiff's complaint on the merits, with costs.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

T. B. & L. M. Merchant, for appellant.

Roberts, Tuthill & Rogers (James T. Rogers, of counsel), for respondent.

SMITH, J. We entirely agree with the conclusions of the learned referee, and with the reasons assigned therefor in his opinion. We would add thereto only a single word. Appellants strenuously contend that the agreement of September 7th in no way altered the liability of the parties to the contract of August 16th; that the agreement of the plaintiff to pay all expenses to be repaid by Frazier in no way extended the liability of Frazier, who was using plaintiff only as a medium of payment; and that the agreement that Frazier might, in all events, retain from the moneys collected $10 a week for his living may be regarded as an agreement for a loan for which plaintiff does not claim to hold this defendant. Granting, for the argument, the construction contended for, the agreement of August 16th was by the contract of September 7th altered to include plaintiff's covenant to advance to Frazier moneys necessary to pay expenses, and to loan to him $10 a week, whether earned or not. Such an alteration is, in my judgment, material, and prejudicial to the interest of the surety, and, when made without the knowledge of the surety, must effect his release. Defendant might well have argued, when assuming his obligation, that unless Frazier's profit were sufficient to pay his expenses, the 10 per cent. due to plaintiff, and reserve to him a substantial income, he must soon surrender before an extended liability was incurred; and might further have considered that his need of a net profit to secure his living would be such an incentive to him to work up his business as to make more probable his success. The mere fact that credit was given and a loan made to Frazier not contemplated by the August agreement would probably be immaterial. The insertion, however, into the contract guarantied of a covenant on plaintiff's part to give that credit and make that loan makes a contract materially differing from that which defendant guarantied.

The judgment should be affirmed.

Judgment unanimously affirmed, with costs. All concur.